UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
SEP 21 AM 11: 32

MERITPLAN INSURANCE COMPANY,
a California Corporation.

    Plaintiff,

vs.

JOHN SMITH, a minor child, ROBERT M.
GROVE, Individually, and as natural parent and
guardian of JOHN SMITH, a minor child and
PATTI L. GROVE, Individually, and as natural
parent and guardian of JOHN SMITH, a minor child,
and JANE DOE, individually and natural parent and
guardian of MARY DOE, a minor.

    Defendants.
_____/

CASE NO.

6-09-CV-1622-ORL-28GJK

## COMPLAINT FOR DECLARATORY RELIEF

MERITPLAN INSURANCE COMPANY (hereinafter referred to as "MERITPLAN") by and through its undersigned counsel, files this action against JOHN SMITH ("JOHN"), minor child, ROBERT M. GROVE ("ROBERT"), PATTI L. GROVE ("PATTI") (collectively the "GROVES"), JANE DOE ("JANE") and MARY DOE ("MARY"), a minor child (collectively the "DOES") and states:

### GENERAL ALLEGATIONS

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 for the purpose of determining an actual controversy between the parties.

### PARTIES AND JURISDICTION

2. The Plaintiff, Meritplan, is a California corporation, with its principal place of business in Irvine, California. Meritplan is a citizen of California for purposes of determining

diversity of citizenship.

3. The GROVES are residents of Seminole County, Florida, and are citizens of the State of Florida for purposes of determining diversity of citizenship.

4. The DOES are residents of Seminole County, Florida, and are citizens of the State of Florida for purposes of determining diversity of citizenship.

5. All of the matters in controversy exceed the sum of $75,000.00, exclusive of attorney's fees, interest and costs by virtue of the facts and circumstances as hereinafter alleged. As such, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

6. Plaintiff, Meritplan, issued a homeowners insurance policy ("Policy") number THM705363 to Robert and Patti Grove. A true and correct copy of the Policy is attached hereto as Exhibit "A."

7. The Groves have been named in an action styled as *Jane Doe, individually and as natural parent and guardian of Mary Doe, a minor, v. John Smith, a minor child, Robert M. Grove, individually, and as natural parent and guardian of John Smith, a minor child*, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 07-CA-4474-11-L. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "B."

8. In Paragraph 15 of the Amended Complaint, the Does allege that John "negligently failed to control his actions, resulting in personal injuries to Mary Doe, by coming into physical contact with her."

9. In Paragraph 16 of the Amended Complaint, the Does allege that "Defendant Robert M. Grove, knew or should have known that injury to Mary Doe by his minor child, Defendant John

Smith, was probable or possible consequence."

10. Paragraphs 15, 34 and 53 of the Amended Complaint clearly allege that Defendant Mary Doe suffered injuries as a result of physical contact.

11. Defendants Robert and Patti Grove are named insureds under the Policy. See Exhibit A. In addition, John is an insured under the Policy as he is the minor son of Robert and Patti Grove. The DEFINITIONS section of the Policy provides:

> "Insured" means you and residents of your household who are:
> a.  your relatives; or
> b.  other persons under the age of 21 and in the care of any person named above.

12. The Policy only covers those incidents that are considered to be an "occurrence." The DEFINITIONS section of the Policy provides:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in:
>
> a.  "Bodily injury"; or
> b.  "Property Damage"

## COUNT I

13. Plaintiff re-adopts and re-alleges Paragraphs 1 through 12 as though fully set forth herein in Count I.

14. Plaintiff believes in good faith that the Policy does not afford coverage to the Groves for the incident that forms the basis of the lawsuit filed by the Does.

15. Specifically, the Policy excludes coverage for any bodily injury that is caused by the insured's intentional acts or that arise out of sexual molestation. Section II - EXCLUSIONS of the

Policy states in relevant part:

> Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to "bodily injury" or "property damage":
>
> k. Arising out of sexual molestation, corporal punishment or physical or mental abuse;

16. In addition, Endorsement HO 01 09 09 99 entitled SPECIAL PROVISIONS - FLORIDA. SECTION II - EXCLUSIONS provides in part:

> Under 1. Coverage E - Personal Liability and Coverage F - Medical Payments To Others, Items a. and I. are deleted in all forms and Endorsement HO 24 73 and replaced by the following:
>
> a. Which is expected or intended by one or more "insureds" even if the "bodily injury" or "property damage":
>
> (1) Is of a different kind, quality or degree than initially expected or intended; or
> (2) Is sustained by a different person, entity, real or personal property than initially expected or intended.

17. Paragraphs 15, 34 and 53 of the Amended Complaint allege that John, an insured under the Policy, caused injury to Mary Doe by "coming into physical contact with her." Upon information and belief, the Does filed the underlying suit based on the alleged sexual molestation conducted by John upon Mary.

18. Accordingly, the Policy does not cover the "bodily injury" alleged by the Does because it was "intended by one or more "of the insureds and it arose out of sexual molestation.

19. A genuine dispute has arisen between the parties as to the existence of coverage for the claim asserted by the Groves based on the lawsuit filed by the Does. Plaintiff is in doubt as to

its rights, duties and obligations under the Policy.

20. In view of the foregoing and by the terms and provisions of Title 28 of the United States Code, Section 2201, et. seq. this Court has the right and power to declare the rights and liabilities of the parties and to give such other and further relief as may be necessary.

WHEREFORE, MERITPLAN seeks a declaratory judgment ruling as follows:

A. That the Policy affords no coverage on behalf of the GROVES for the lawsuits and claims asserted against them by the DOES;

B. That MERITPLAN is not obligated to pay any settlement or judgment that may be entered against the GROVES;

C. That MERITPLAN has no duty to defend the GROVES in the lawsuits and/or claims filed by the DOES;

D. That MERITPLAN is entitled to any such other relief as made deemed appropriate.

KELLER LANDSBERG P.A.
Attorneys for Plaintiff
One Financial Plaza, Suite 1050
100 Southeast Third Avenue
Fort Lauderdale, FL 33394
Phone:      (954) 761-3550
Facsimile:  (954) 525-2134
Email: alan.landsberg@kellerlandsberg.com

By:_____
Alan L. Landsberg
Florida Bar No. 238635